UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert McDermott,

       Plaintiff,                           Honorable Sean F. Cox

v.                                     Case No. 11-11469

Randall S. Miller & Associates, P.C.,

       Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION (D.E. NO. 36)

Plaintiff filed this action, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., against both Defendant Ocwen Loan Servicing, LLC ("Ocwen") and Randall S. Miller & Associates, P.C. ("RSM/PC"). Plaintiff has since dismissed his claims against Ocwen.

On July 25, 2011, Defendant RSM/PC filed a Motion to Dismiss and/or for Summary Judgment, asserting the following grounds for relief:

### QUESTIONS PRESENTED

I.     Whether plaintiff's FDCPA claim fails because the October 6, 2010 letter from RSM/PC was not a communication in connection with the collection of a debt, which is required to implicate the sections of the FDCPA that plaintiff claims RSM/PC violated.

II.    Whether plaintiff's FDCPA claim fails because plaintiff knew that RSM/PC was not attempting to collect a debt owed by him, but rather the letter was sent to him by mistake.

III.   Whether RSM/PC is protected by the FDCPA's "bona fide error" defense in 15 U.S.C. § 1692k(c).

1

      IV.     Whether plaintiff has standing to sue under 15 U.S.C. § 1692g given that this section applies only to "consumers," and a plaintiff that is not obligated to pay the debt at issue is not a "consumer."

(Def.'s Br. at iv).

In an Opinion & Order issued on December 8, 2011 (Docket Entry No. 34), this Court granted RSM/PC's motion in part and denied the motion in part. The Court granted the motion to the extent that it dismissed Plaintiff's claims under § 1692e and § 1692f of the Act because Plaintiff knew that RSM/PC was attempting to collect a debt that was not actually his debt. The Court denied the motion in all other respects. Thus, Plaintiff's claims under § 1692d and § 1692g are the only claims that remain in this action.

On December 16, 2011, Defendant RSM/PC ("Defendant") filed a Motion for Reconsideration. (D.E. No. 36). In its motion, Defendant argues that it is not a "debt collector" for purposes of a claim under sections 1692d and 1692g. (Def.'s Mot. for Reconsid. at 1). Defendant contends that *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003), is controlling precedent that requires dismissal of Plaintiff's remaining claims against it because it is not a "debt collector" for purposes of Plaintiff's FDCPA claims because it was enforcing a security interest. Defendant also asserts that judges in this district have "consistently applied *Montgomery* to reject FDCPA claims against law firms and lawyers who were retained to initiate foreclosure proceedings." (Def.'s Mot. for Reconsid. at 4-5).

This Court issued an Order Regarding Supplemental Briefing (D.E. No. 40), which allowed Plaintiff to file a response to Defendant's Motion for Reconsideration and allowed Defendant to file a reply brief.

Having reviewed all of the materials, the Court shall deny Defendant's Motion for

Reconsideration.  There are two problems with Defendant's Motion for Reconsideration.

First, while Defendant could have raised this issue in its Motion to Dismiss and/or for Summary Judgment, it did not do so.   A motion for reconsideration is not a vehicle to "advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998)); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration . . . proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").[1]

Second, the Court concludes that *Montgomery* does not require dismissal of Plaintiff's remaining claims under the facts of this case.

The FDCPA, defines a "debt collector" as follows:

> **The term "debt collector" means any person** who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or **who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another**.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  **For the purpose of section 1692f(6) of this title, such term also includes any person**

---

[1]Implicitly, Defendant knows it did not raise this issue in its motion.  (*See, e.g.*, Def.'s Mot. for Reconsid. at 2-3) ("While RSM/PC is aware that a motion for reconsideration generally should not raise entirely new legal theories that could have been raised earlier, this is not such an occasion because RSM/PC did raise the nature of the underlying transaction . . .").

> **who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.**

15 U.S.C. § 1692a(6) (emphasis added).   Thus, the statutory definition of debt collector focuses on the principal purpose of the defendant's business and/or the defendant's regular business activities.

In *Montgomery,* the plaintiff asserted FDCPA claims against a defendant agency that repossessed an automobile.  That repossession agency had been hired the bank that held a security interest in the automobile.  The defendant repossession agency sought dismissal, arguing that it was not a "debt collector" under the FDCPA.

The Sixth Circuit agreed.  In doing so, it relied a decision from another court, *Jordan*, wherein that court determined that "those who enforce security interests, such as repossession agencies," fall outside the ambit of the FDCPA, except for purposes of § 1692f(6).  *Id.* at 700 (citing *Jordan v. Kent Recovery Serv., Inc.*, 731 F.Supp. 652, 656 (D.Del. 1990)).  The Sixth Circuit explained that:

> In *Jordan*, the court found that although Congress included within the definition of "debt collectors" those who enforce security interests, it limited this definition only to the provisions of § 1692f(6).  As the court put it, "[s]uch a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." *Id.* at 657.

*Montgomery*, 346 F.3d at 700.  In discussing this issue, the Sixth Circuit also noted that the *Jordan* court "also found helpful an FTC commentary that provided that

> Because the FDCPA's definition of "debt collection" includes parties whose principal business is enforcing security instruments only for . . . [§ 1692f(6)] purposes, such parties (if they do not otherwise fall within the definition) are subject only to this provision and not to the rest of the FDCPA.

*Id.* (citing *Jordan,* 731 F.Supp. at 658 (quoting Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50108 (1988) (published December 13, 1998).

The Sixth Circuit then applied the law to the facts at hand in *Montgomery*. In doing so, it noted that the plaintiff "has not alleged any violation of § 1692(f)." *Id*. at 701. But the court did not stop its analysis of the plaintiff's claims against the repossession agency there; it went on to explain:

> [The plaintiff] has not alleged that Silver Shadow[, the defendant repossession agency] is a business whose "principal purpose" is debt collection, or that it regularly collects or attempts to collect debts owed to another. *Id*. His allegations reveal only that Silver Shadow was seeking recovery of the BMW that was posted as collateral for the personal loan given to Smith by Huntington Bank. In fact, [the plaintiff] admits that Silver Shadow was simply acting as a repossession agency when it seized his mother's BMW. As such, Silver Shadow does not qualify as a debt collector under §§ 1692d and § 1692e the only two claims remaining. Accordingly, the district court did not err in dismissing the complaint against Silver Shadow pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Id.* at 701.

In opposing Defendant's Motion for Reconsideration, Plaintiff contends that, under *Montgomery*, an entity whose business has the principal purpose of enforcing security interests is subject only to § 1692f(6) – provided that entity does not otherwise satisfy the definition of a debtor collector under the statute.

Notably, other courts, including district courts within the Sixth Circuit, read *Montgomery* the very same way. For example, in *Kaltenbach*, the Fifth Circuit stated:

> By the plain language of the statute, therefore, a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to § 1692f(6). *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003)

(repossession agency that was not otherwise a debt collector was subject only to §
1692f(6)) (citing *Jordan v. Kent Recovery Servs., Inc.*, 731 F.Supp. 652, 659
(D.Del. 1990)).

*Kaltenbach,* 464 F.3d 524, 527 (5th Cir. 2006). In *Johnson,* the district court construed

*Montgomery* the same way:

> It appears reasonably clear, however, in the Sixth Circuit that a person whose
> business has the principal purpose of enforcing security interests but who does not
> otherwise satisfy the definition of a debt collector is subject only to 15 U.S.C. §
> 1692f(6). *See Montgomery v. Huntington Bank,* 346 F.3d 693, 699-700 (6th Cir.
> 2003), citing *Jordan v. Kent Recovery Servs., Inc.*, 731 F.Supp. 652, 659 (D.Del.
> 1990). This Court is constrained to agree with MR Default and Nationwide that
> an entity whose business has the principal purpose of enforcing security interests,
> without more, is not subject to any of the provisions of the FDCPA except for
> §1692f. It also appear clear, however, that MR Default and Nationwide, who
> appear to have been engaged in the enforcement of a security agreement in the
> foreclosure pursuant to Deutsche Bank's deed of trust, can escape the remaining
> provisions of the FDCPA only if they do not otherwise satisfy the definition of a
> debt collector.

*Johnson v. Wilshire Credit Corp.*, 2009 WL 559950 at *4 (E.D. Tenn. 2009); *see also In re*

*Greer*, 2010 WL 4817993 (Bankr. M.D. Tenn. 2010) (Citing *Montgomery* for the proposition

that a "person whose business has the principal purpose of enforcing security interests but who

does not otherwise satisfy the definition of a debt collector is subject only to 15 U.S.C. §

1692f(6).").

This Court agrees that the above cases have properly construed *Montgomery.* If §

1692f(6) were the only section of the FDCPA under which a plaintiff could ever assert a claim

against an entity whose principal business is the enforcement of security interests, the

*Montgomery* court's analysis would have stopped upon determining the defendant was a

repossession agency and finding that the complaint did not assert any claims under § 1692f(6).

But the *Montgomery* court's analysis **did not** stop there; the Court went on to consider whether

the plaintiff's complaint alleged that Silver Shadow is a business that regularly collects or attempts to collect debts owed to another (i.e., whether Silver Shadow otherwise met the definition of a debt collector under the statute).[2]

Here, unlike *Montgomery*, Plaintiff's complaint alleges that: 1) Defendant "is a law firm that acts as a debt collector as debt collector is defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts," 2) "at all times relevant to this Complaint, [Defendant's] telephone greeting at its Michigan telephone number of 248-335-9200 was as follows: 'Thank you for calling Randall S. Miller & Associates. This firm is a debt collector attempting to collect a debt and any information obtained will be used for that purpose", and 3) Defendant "regularly attempts to collect defaulted consumer mortgage debts from consumers in Michigan by attempting to effect mortgage loan modification agreements with consumers that have defaulted on their mortgage loans." (Pl.'s Am. Compl. at ¶¶ 4-5). Thus, Plaintiff alleges that Defendant otherwise satisfies the definition of "debt collector" under the FDCPA.

*Montgomery* does not require the dismissal of Plaintiff's remaining claims.[3]

---

[2]Moreover, under Defendant's reading of *Montgomery*, a business could devote 75% of its business to enforcing security interests, with the remaining 25% of its business consisting of collection of consumer debts, and yet the only FDCPA claim that could be asserted against that entity would be a claim under § 1692f(6). Such a reading would allow such a mixed-purpose entity to pursue the collection of consumer debts with impunity under the FDCPA.

[3]Defendant's reliance on prior district court cases that have dismissed FDCPA claims against entities whose principal business is the enforcement of security interests, based on *Montgomery*, is not persuasive because: 1) virtually all of those cases were decided before *Grden v. Leiken Ingber & Winters, PC*, 643 F.3d 169, 172 (6th Cir. 2011); and 2) none of those cases involved a claim by the plaintiff that the defendant otherwise met the definition of a debt collector under the statute.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration is DENIED.

      IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  February 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager