UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert McDermott,

    Plaintiff,                                               Honorable Sean F. Cox

v.                                                             Case No. 11-11469

Randall S. Miller & Associates, P.C.,

    Defendant.

_____/

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION (D.E NO. 38)**

Plaintiff filed this action, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., against both Defendant Ocwen Loan Servicing, LLC ("Ocwen") and Randall S. Miller & Associates, P.C. ("RSM/PC"). Plaintiff has since dismissed his claims against Ocwen.

On July 25, 2011, Defendant RSM/PC filed a Motion to Dismiss and/or for Summary Judgment. In an Opinion & Order issued on December 8, 2011, this Court granted that motion in part and denied it in part. (D.E. No. 34). Relying on several decisions from district courts within the Sixth Circuit, the Court concluded that Plaintiff's § 1692e and § 1692f claims fail as a matter of law because Plaintiff knew that he did not actually owe the debt at issue. (*See* D.E. No. 34 at 13-15).

Thereafter, on December 22, 2011, Plaintiff filed a Motion for Reconsideration, asking this Court to reconsider that portion of its December 8, 2011 Opinion & Order dismissing

1

Plaintiff's §1692e and § 1692f claims.  (D.E. No. 38).

Pursuant to Local Rule 7.1(h)(2), the Court will rule upon this motion without oral argument and without ordering Defendant to file a response to the motion.

Motions for reconsideration are governed by Local Rule 7.1(h).  Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Here, Plaintiff has failed to show palpable defect by which the Court and the parties have been misled. Instead, the majority of Plaintiff's Motion for Reconsideration simply restates Plaintiff's position as to the issues ruled upon by the Court.

Moreover, the only new argument contained in the motion is unpersuasive.  By quoting selected portions of Defendant's discovery responses, without quoting the entire portion of the responses, Plaintiff attempts to argue that Defendant has not "even now" admitted that its sending of the letter at issue was a mistake.  Defendant's motion, however, in no uncertain terms, admits that Defendant sent the letter at issue to Plaintiff by mistake:

> 3.   Plaintiff was not the Robert McDermott that held the mortgage on the property.  The letter was sent to plaintiff by mistake.

(Def.'s Motion at ¶ 3).

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration (D.E. No. 38)

is DENIED.

       IT IS SO ORDERED.

                                S/Sean F. Cox
                                Sean F. Cox
                                United States District Judge

Dated: February 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2012, by electronic and/or ordinary mail.

                                S/Jennifer Hernandez
                                Case Manager